SO ORDERED

[signature]

U.S. Bankruptcy Judge

JUN 1 4 2007

RECEIVED & FILED
JUN 1 4 2007
OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

Case No. 07-61924
Chapter 13

In re
    PHILIP R. COLLINS

ORDER

                              Debtor.

_____

PHILLIP R. COLLINS,

                     Plaintiff

    -vs-

ATLANTIC MORTGAGE & INVESTMENT
CORPORATION, A DIVISION OF ABN AMRO
MORTGAGE GROUP, INC., A DELAWARE
CORPORATION
               Defendant.

Adversary Proceeding
Case No. 05-90154

_____

    PHILIP R. COLLINS, by his attorney Richard Croak, Esq., having brought an Adversary

Proceeding against ATLANTIC MORTGAGE & INVESTMENT CORPORATION, A

DIVISION OF ABN AMRO MORTGAGE GROUP, INC., A DELWARE CORPORATION,

2

(Hereinafter ABN AMRO), under Case No. 05-90154. who responded by its attorneys, FEIN, SUCH & CRANE, LLP, to determine the extent or validity of ABN AMRO's lien on the premises commonly known as Route 56, Colton, New York 13625, said premises being further described by St. Lawrence County Tax Map Numbers 90.004-1-24 & 90.004-1-25, in addition debtor filed an objection to the Amended Proof of Claim filed by ABN AMRO on March 1, 2007, and the Court having combined these matters,

NOW upon agreement of the parties reached in the Chambers of Judge Littlefield, it is hereby

ORDERED, that the debtor make payment to applicant of the settlement amount agreed due on the property known as Route 56, Colton, New York. The settlement amount is $47,616.70 with a per diem of $3.98 starting on March 29, 2007 (hereinafter "settlement payment"), which if timely paid shall be in full satisfaction of its claim. Settlement payment will be made by Debtor on or before and received on or before June 18, 2007, in certified funds, by Fein, Such & Crane, L.L.P., Attn: David P. Case, Esq., 28 East Main Street, Suite 1800, Rochester, New York 14614.

AND IT IS FURTHER ORDERED, that if the settlement payment is made timely, then both the claim objection started in Case No. 03-16295 and the Adversary Proceeding under Case Number 05-90154 shall be deemed settled and ABN AMRO shall withdraw its Proof of Claim and all amendments thereto and shall discharge the mortgage. However, if the settlement payment, with per diem, is not received by Fein, Such & Crane, L.L.P., by June 18, 2007, then, upon receipt of a letter from Fein, Such & Crane, L.L.P., stating that the settlement funds with per diem have not been received, both the Claim Objection commenced under Case Number 03-16295 and the Adversary Proceeding under Case Number 05-90154 shall be denied and dismissed with prejudice against the Debtor, his assigns, devisees, and distributees, any and all amounts claimed owed to ABN AMRO, that were waived out of the settlement amount, shall be

3

resurrected and owed by the debtor immediately, and Debtor shall have until June 25, 2007, to move to amend his plan to pay the Amended Secured Claim with interest thereon where failure to do so may result in a Motion to Lift the Stay by ABN AMRO Mortgage Group, Inc., unless such funds are received <u>and</u> are paid on or before the date provided for in this order.

AND IT IS FURTHER ORDERED, that, if ABN AMRO commences or continues with a foreclosure against the aforementioned real property, then ABN AMRO, via their agents or attorneys, shall notify the trustee, Andrea E. Celli, Esq., of surplus monies, if any, arising from said sale of the Collateral.

####